ST. GEORGES MARSH COMPANY, d. b., vs. JOSHUA JEFFERSON, p. b.

*Justice of Peace—Certiorari—Allegation of Diminution—Certificate of Justice—Proper Proceeding when Defective—Former Ruling Corrected.*

1. A defective certificate of the Justice of the Peace, in *certiorari* proceedings, is not a jurisdictional matter, but a mere failure upon his part to perform his duty. In such case, therefore, the Court will not affirm the judgment below, but will make a peremptory order on the Justice to send up a properly certified record, making a full copy of the entire record and proceedings in the case.

2. Former ruling by the Court on the same point reversed.

(*June 7, 1901.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff in error.

*Walter J. Willis* for defendant in error.

Superior Court, New Castle County, May Term, 1901.

CERTIORARI to A. N. Sutton, a Justice of the Peace in and for New Castle County (No. 37, February Term, 1901).

*Mr. Willis:*—The *certiorari* was brought to the February Term, 1901. The Justice returned a copy of his record properly certified. The plaintiff filed exceptions to that record and also filed allegations of diminution to the return. The allegations of diminution were, that he had not sent up certain writs which ought to have come up with the record. The Court then ordered the Justice to send up the records or proceedings mentioned in the allegations of diminution and extended the time for further exceptions and allegations of diminution to March 4th.

The Justice returned the writs called for but they were uncertified. I therefore move that the judgment below be affirmed under the authority of the following cases :

*Turnie L. Webster vs. Trustees of Union A. M. E. Church,* (New Castle County, Nov. Term, 1900—unreported).

*Derrickson vs. Wood,* (Kent County, April Term, 1901—unreported).

*Marsh vs. Eastman, 3 Cowan, 58; State vs. Gibbons, 4 N. J. L., 47; Proudhomme vs. Murphy, 5 Martin (La.) 90; May vs. Forbes, 11 Texas, 284.*

*Mr. Hilles:*—A writ of *certiorari* cannot be quashed or dismissed for want of a return, or for an imperfect return.

A writ of *certiorari* in Delaware is not a statutory writ. The only distinction whatever between the writ ordinarily issued to Justices of the Peace in this State from the Superior Court and the common law writ is that, under Section 7 of Chapter 92, in which section the writ of *certiorari* is provided for, such writ shall be granted of course and not upon petition.

Section 15 of Chapter 106 provides the method by which a party may obtain such a writ of *certiorari* from the Superior Court,

but says nothing whatever about the form of the writ, or the form of return to be made thereon.

It is important in connection with this latter section to notice that it is contemplated that other writs of *certiorari* may be necessary to complete the record.

By Section 34, Chapter 97, it is made the duty of the Justices of the Peace, upon the tender of the legal fee, to make and certify a true transcript " of all the docket entries in any cause before him." " Upon an appeal a transcript shall be sufficient, unless a full copy be specially requested. Upon a *certiorari*, the Justice shall make a full copy of the entire record and proceedings."

The first part of this section denotes the duty of the Justice when a party asks him for his record, the latter part relates solely to the duty of the Justice. Although, as above stated, it is made the duty of the party on an appeal to file a duly certified transcript of all the docket entries in the case, there is no statutory provision which requires a Justice of the Peace to make any certified copy of the record for a *certiorari* proceeding. At common law, however, it was the duty of the inferior court to certify its record to the superior court.

It is the writ of the superior court commanding the inferior court to send up the record in question. It is simply a method of getting the record into the superior court. The party has, and can have, no control over the Justice to whom the writ is directed, and unlike an appeal, he has no control over the contents of the record.

*1 Tidd's Practice, 397.*

The practice at common law was that where the Justice to whom the writ had been directed had failed in his duty for the Court, by proper proceedings, to compel him to perform it.

This same procedure has been followed in this State in the case of *Watson vs. Lockwood, 2 Harr., 364.* In this case the Justice certified as follows,—" I do hereby certify the above to be a true copy of the warrant, and also of the execution, issued by me in the above case. As witness," etc. " The Court of their own

motion directed a further return, though this was the second term. The certificate does not show that a full copy of all the record and proceedings has been sent up; if it did, we would not now allow diminution to be alleged."

In this case the English practice was strictly carried out, and it is submitted it must be the correct practice.

There is no rule of court or statute of this State bearing upon the subject. Section 8 of Rule 9, relating to the allegation of diminution, does not cover the matter, as diminution can only be alleged for incompleteness of the record as sent up by the Justice. The certificate forms no part of the Justice's record, and could not be reached by such an allegation.

*Bouvier's Law Dictionary*—title " Diminution."

Section 16 of Rule 9 has nothing to do with matters of *certiorari*, and there is no reason why the Justice at this time should not be compelled by the Court to amend his certificate. Before the making of the said Section 16 of Rule 9 it was the uniform practice in this State to allow the Justice to amend his certificate.

*Green vs. Kinney, 2 Harr., 160; Waters vs. Kirby, 1 Houst, 364.*

Lore, C. J. :—The Court have considered this motion to dismiss the *certiorari* and have reached a unanimous conclusion. Although we have ruled otherwise, I am quite convinced that the Court inadvertently made that ruling and we should take this prompt method of correcting ourselves. The basis, to some extent, of our action then was that this defective certificate should be brought to the attention of the Court by allegation of diminution, and that not having been done, there was no properly certified record before us, and, therefore, we ought to affirm the judgment below. But upon careful consideration of the arguments made, and looking over the whole ground, we think it is not a jurisdictional matter in any sense. It is a formal defect upon the part of the Justice in not properly certifying his record, and it would seem unreasonable for this Court to affirm the judgment below upon the

record sent up, although improperly certified to, if on the face of the record the judgment was manifestly wrong.

For that reason I am free to say there was error in the former ruling. This Court now unanimously hold, that the defective certificate of the Justice is not a jurisdictional matter, but a mere failure upon the part of the Justice to perform his duty, and we will make a peremtory order upon the Justice to send up a properly certified record, making a full copy of the entire record and proceedings in the case, under seal, returnable the twenty-fourth of this month. We should have the record properly certified before acting upon it.

*Mr. Hilles:*—The suggestion has been made to me, if the Court please, that the term of this Justice of the Peace has expired.

LORE, C. J. :—Then we make the order upon the Justice of the Peace who is his successor.